IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

CAROL J. HOWARD,
        Plaintiff,

v.                                                                                                                 Civil Action No. 1:13CV189

CITY OF CLARKSBURG,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION
### I. Procedural History

On August 21, 2013, Plaintiff, Carol J. Howard ("Plaintiff"), proceeding *pro se*, filed a Complaint in this matter [D.E. 1]. United States District Judge Irene M. Keeley referred this matter to the undersigned United States Magistrate Judge on September 5, 2013 [D.E. 9]. On September 27, 2013, Defendant City of Clarksburg ("Defendant") filed a "Motion to Dismiss in Lieu of an Answer" [D.E. 13]. Because the plaintiff is proceeding *pro se*, on September 27, 2013, the Court advised her of her right to file a response to the Motion, and alerted her to the fact that her failure to respond could result in the entry of an order of dismissal against her. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) [D.E. 14]. Plaintiff was directed to file, within thirty (30) days, any opposition she had to Defendant's Motion to Dismiss, explaining why her case should not be dismissed for the reasons set forth in the Motion. On October 8, 2013, Plaintiff filed her Response [D.E. 16]. On October 11, 2013, Defendant filed its Reply [D.E. 17].

### II. Facts

Plaintiff Carol J. Howard is an owner of record of the real property located at 631 Drummond Street, Clarksburg, Harrison County, West Virginia. On or about On September 21, 2009, the Code Enforcement Department for the City of Clarksburg issued a Condemnation and Demolition Order for the plaintiff's property (Defendant's Motion, Ex. A). That Order was subsequently upheld on

appeal to the City of Clarksburg Building Code Appeals Board ("BOCA") (Id.). On November 19, 2010, the plaintiffs filed a Petition for Writ of Certiorari, styled Civil Action No. 10-C-541-2, in the Circuit Court of Harrison County, alleging that the Condemnation and Demolition Order was invalid. On February 25, 2011, Circuit Court Judge Thomas A. Bedell entered an Order denying the plaintiffs' appeal and affirming the Municipal Order which affirmed the decision of the BOCA Board, and dismissed Civil Action No. 10-C-541-2. Plaintiffs did not file an appeal from the Dismissal Order. The Dismissal Order is therefore a final order of the Circuit Court of Harrison County.

On October 5, 2011, the Municipal Court of the City of Clarksburg, West Virginia issued a Condemnation of Demolition Order thereby authorizing the entry into the property and the conducting of asbestos sampling pursuant to violations of the State Building Code and Codified Ordinances of the City of Clarksburg, West Virginia.

On March 23, 2012, Plaintiff filed Civil Action No. 12-C-138-1 in the Circuit Court of Harrison County, again challenging the decision of the BOCA Board permitting the condemnation and demolition of the property.

On September 11, 2012, Circuit Court Judge John Lewis Marks found that the previous Court Order entered by Circuit Court Judge Bedell was a valid final order and that the demolition order entered by the Municipal Court was a proper, valid, and lawful order. The Court further found that the second Complaint did not state a cause of action upon which relief could be granted because the demolition order was "a proper and valid condemnation order approved by the BOCA Board, and the actions of the Defendant City and Defendant G & O were authorized and permissive, and constituted legal acts." The Court further found that the issues raised in the second civil action were the same as raised by the plaintiff in the prior civil action; that the plaintiff and the defendant City

2

of Clarksburg were parties to the previous civil action; and that the cause of action in the subsequent civil action was identical to the cause of action determined in the previous civil action.

Judge Marks therefore found the plaintiff's claims were barred by the doctrine of *res judicata* and dismissed the claims, finding that the plaintiff failed to state a claim for which relief could be granted.

## III. Contentions

Plaintiff brings suit in this Court, alleging that the condemnation of her property was invalid. As grounds for that claim she alleges that two code enforcement officers were not licensed at the time of the condemnation. She further asserts that the city and county courthouse covered for them, that everyone lied against her, and that she did not have a fair trial. She requests help and justice for the failure of the Harrison County Circuit Court and Magistrate Court to help her in the matter.

Defendant City of Clarksburg argues that this Court lacks subject matter jurisdiction and that Plaintiff's Complaint is barred by the doctrine of *res judicata*.

## IV. Applicable Law

### A. Subject Matter Jurisdiction

Defendant moves the Court to dismiss Plaintiff's Complaint in its entirety, arguing this Court lacks subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1), 12(h)(3). It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756 (4th Cir. 1968). Consequently, "[i]f the court determines at any time that it lacks subject- matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The absence of subject-matter jurisdiction may be raised at any time during the case. See Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999); Mansfield, Coldwater and Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884)(noting

3

that the "first and fundamental question," even if not suggested by the parties, is that of subject-matter jurisdiction.)

In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings. See William v. U.S., 50 F.3d 299 (4th Cir. 1995)(citing Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884 (3d Cir. 1977). "Indeed, 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Id. Further, rather than granting summary judgment pursuant to Rule 56(c), the proper procedure if there is want of subject-matter jurisdiction is dismissal under Rule 12(b). Id.

The defendant in this case attached to its Motion a Circuit Court of Harrison County order dismissing Plaintiff's State court case. Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006)). There are exceptions to this rule, however. Specifically, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed. Id. "A district court may clearly take judicial notice of [state court] public records, and [Plaintiff] does not dispute their authenticity." Id. This Court may and does therefore consider the State court decision in resolving this case.

District courts have original jurisdiction pursuant to 28 U.S.C. section 1331 "of all actions arising under the Constitution, laws, or treaties of the United States." According to the United States Court of Appeals for the Fourth Circuit, "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." Verizon Md., Inc. v. Global Naps, Inc., 377 F.3d 355 (4th

Cir. 2004). As provided by the Fourth Circuit in Verizon, however:

> The Supreme Court has recognized section 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Id.

Here, Plaintiff has not stated any federal jurisdictional grounds for her claim. Further, the undersigned finds Plaintiff has not alleged a cause of action "arising under the Constitution, laws, or treaties of the United States." This Court therefore does not have subject matter jurisdiction pursuant to 1331.

Nor can the plaintiff satisfy the elements necessary to establish diversity jurisdiction. Diversity jurisdiction only arises when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. section 1332. Although Plaintiff has not stated an amount in controversy it is clear that the parties are not citizens of different states. This Court therefore does not have diversity jurisdiction over this matter.

The undersigned finds this Court lacks subject matter jurisdiction over this matter and therefore recommends the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. *Res Judicata*

Defendants also contend that the plaintiff's claims are barred by the doctrine of *res judicata* because the issues raised in her complaint filed with this Court were already decided by a final decision of the Circuit Court of Harrison County, West Virginia.

Plaintiff's Complaint before this Court requests an injunction to prevent her house from

being demolished after it was condemned. In her Reply, in response to the Court's Roseboro Notice, Plaintiff expressly states:

> What I want from the courts is to STOP the demolition of my house, and Be able to recover my property which is rightfully mine and spouse's.

(sic)(Reply at 1). Plaintiff may argue that she raises a new issue– that the two Code Enforcement Officers were operating without certification (although the State Fire Marshal said they were certified) and that the City manager was "also operating illegally, under a Marketing degree, and was appointed in there, was suppose to have a BA degree." (sic) (Reply at 2).

"Preclusion doctrine encompasses two strands: *res judicata* and collateral estoppel. *Res judicata*, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the two parties." Sartin v. Macik, 535 F.3d 284 (4th Cir. 2008)(emphasis added). "For *res judicata* to prevent a party from raising a claim, three elements must be present: '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" Ohio Environmental Coalition v. Aracoma Coal Col. 556 F.3d 177 (4th Cir. 2009). An examination of these three elements reveals that the plaintiff's claims are barred by *res judicata*. The first element is satisfied by not one, but two orders of the Circuit Court of Harrison County – the first affirming the Condemnation and Demolition Order, and the second finding that a subsequent claim filed by the plaintiffs in that court was barred by the doctrine of *res judicata*. Those judgments resolved the issue of the validity of the Condemnation and Demolition Orders.

The second element is also satisfied, as the two actions involve the same parties, or persons in privity with those parties. The case filed in the Circuit Court of Harrison County named the City of Clarksburg Code Enforcement Department and Greenhorne & O'Mara as defendants. In the case

before this Court, Plaintiff names the City of Clarksburg. Although not named defendants, Plaintiff also identifies additional city officials who were involved tangentially in the condemnation suit. The undersigned finds that the addition of these city employees does not change the real issue in this matter–whether the Condemnation and Demolition Order was valid.

Finally, it is clear that the current action arises from the same controversy as the prior action; thus, the third element of *res judicata* is met. The plaintiff's claims in both actions are the same, boiling down to allegations that the condemnation of her property was not valid.

"Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in an earlier suit even through there may be a difference in the cause of action between the parties of the first and second suit." Holloman v. Nationwide Mut. Ins. Co., 217 W. Va. 269 (2005). The West Virginia Supreme Court of Appeals has held that issue preclusion applies where four conditions are shown:

> (1) the issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is involved was party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Arnold Agency v. West Virginia Lottery Comm'n., 206 W. Va. 583 (1999). The determination of the issue in the prior proceeding must have been "essential to the judgment" for issue preclusion to apply. Rowe v Grapevine Corp., 206 W. Va. 703 (1999).

In this case all four element of issue preclusion are met. The Circuit Court found that the Condemnation and Demolition Order was valid. That decision became final when the plaintiffs failed to appeal the decision to the West Virginia Supreme Court of Appeals. The plaintiff in this action was one of the plaintiffs in the State court action. Finally, she had a full and fair opportunity to

litigate the issue in the prior action. In fact, Plaintiff had filed a second complaint in the Circuit Court of Harrison County which held that complaint was itself barred by the doctrine of *res judicata*.

The undersigned therefore finds *res judicata* and/or collateral estoppel bar Plaintiff's claim in this Court.

### C. *Rooker-Feldman* Doctrine

Defendant did not raise the issue of the *Rooker-Feldman* doctrine; however, because of its jurisdictional nature it can be raised at any point during the proceedings, and the undersigned may and does consider it *sua sponte*. See Jordahl v. Democratic Party of Va., 122 F.3ed 192 (4th Cir. 1997).

The *Rooker-Feldman* doctrine is "a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." Holliday Amusement v. State of South Carolina, 401 F.3d 534 (4th Cir. 2005)(quoted in Susko v. City of Weirton, 2011 WL 221825 (N.D.W. Va., Stamp, J.) Under the doctrine, "federal district courts are barred from considering issues already presented by a party and decided by a state court and also are barred from hearing Constitutional claims that are 'inextricably intertwined with questions [so] ruled upon by a state court.'" Id. Thus, "the controlling question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." Id. (Citing Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311 (4th Cir. 2003). *Rooker-Feldman* is therefore implicated "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual" Jordahl, 122 F.3d at 202.

Upon review of the parties' pleadings, and the attachments thereto, the undersigned concludes the *Rooker-Feldman* doctrine applies to this case, and consequently, this Court does not have jurisdiction. Were this Court to grant the plaintiff the relief she requests, it would effectually overrule

8

the decision of the Circuit Court of Harrison County. Plaintiff was provided due process and had an ample opportunity to argue the issues set forth in the current claim. Her federal action is the functional equivalent of an appeal from the state court decision, and this Court should not consider her arguments, pursuant to the *Rooker-Feldman* doctrine.

## VI. RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** the defendant's "Motion to Dismiss in Lieu of an Answer" [Docket Entry 13] be **GRANTED** and this matter be **DISMISSED** and stricken from the Court's active docket.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation by Certified United States Mail to Defendant, *pro se*, and to counsel of record by electronic means.

Respectfully submitted this 3rd day of December , 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE